FLETCHER, Judge.
Armando Juan Alvarez appeals from the denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
Alvarez claims that he pleaded guilty to, among other things, the charge of aggravated battery with great bodily harm on a police officer. He claims that this charge was reduced to a second-degree felony and therefore he should have been sentenced to no more than 15 years for the offense in lieu of the twenty-seven years to which he was actually sentenced.
The record shows that Alvarez was originally charged with attempted first-degree murder of a police officer. (Alvarez shot an undercover officer in the knee as the officer identified himself and attempted to arrest him). The record also reflects that as part of the plea agreement, the State indeed reduced this first-degree felony charge to the second-degree felony of aggravated battery with great bodily harm, section 784.045, Florida Statutes (1993). However, the second-degree felony of aggravated battery was then properly reclassified to a first-degree felony by virtue of Alvarez having committed the battery against a police officer, pursuant to section 784.07, Florida Statutes (1993). Accordingly, the charge was indeed “reduced” from attempted first-degree murder of a police officer, a first-degree felony, to the second-degree felony of aggravated assault with great bodily harm against a police officer, which describes the reclassified offense of a first-degree felony by operation of section 784.07, Florida Statutes (1993). The sentencing transcript supports the fact that Alvarez was aware of this reclas *703 sification and that he knowingly pleaded to the twenty-seven years. [T.20].
Alvarez asserts that the error lies in the printed judgment sheet, which lists his offense as aggravated assault with great bodily harm on a police officer, pursuant to section 784.045, but fails to list section 784.07, the reclassification statute. If anything this was a typographical oversight because every other portion of the record, including the description of the charge on the judgment itself, reflects the enhanced charge. Alvarez has not been illegally sentenced, and his plea to the charge was not unknowingly made. However, we remand for correction of the final judgment to accurately reflect the numerical statute references, sections 784.047 and 784.07(2)(d), Florida Statutes (1993), to accompany the description of the charges of which Alvarez was convicted.